WHITE v. WHITE.

1. **Practice in Supreme Court:** EVIDENCE CONFLICTING: JUDGMENT AFFIRMED. Where the evidence is conflicting, and the finding of the court is not so wanting in support from the evidence as to justify the conclusion that it did not result from a fair, honest and impartial consideration of the testimony, without passion or prejudice, the judgment will not be disturbed.

*Appeal from Clayton Circuit Court.*

MONDAY, DECEMBER 11.

THE plaintiff alleges in his petition that, being the owner of a certain promissory note, he delivered it to the defendant, in 1867, for collection; that the defendant failed to look after the collection of the note, and, in consideration of such neglect and the probable loss of the money due on said note, the defendant, in 1876, promised the plaintiff in writing that he would pay said note, and further that, in 1877, the defendant verbally promised to pay the amount of said note within five months.

The defendant for answer denies that he received the note for collection, and alleges that he simply took it at the request of plaintiff to forward to one Fanar at St. Albans, Vermont, where it was payable. As to the verbal promise, defendant alleges that plaintiff represented to the defendant that the note had been turned over by Fanar, to one Landon, and

placed to defendant's credit, whereupon defendant said that, if the note had been so turned over to Landon, he would pay plaintiff the amount of it, and that the note never was turned over to Landon, or placed to defendant's credit. The defendant admits the writing of the letter set out in plaintiff's petition, upon which the plaintiff relies as a written promise to pay the note, and alleges that the writing was altogether without consideration.

The cause was tried to a court without a jury, and judgment was rendered for the defendant. The plaintiff appeals.

*Noble & Updegraff* and *L. O. Hatch*, for appellant.

*James O. Crosby* and *T. M. Davidson*, for appellee.

DAY, J.—Upon the issue as to whether the defendant received the note from plaintiff for collection, or simply to forward to Fanar, the preponderance of the evidence is, we think, with the defendant. Indeed, the plaintiff does not claim that he is entitled to recover upon this issue. The appellant concedes in argument that the gist of the action is the promise of the defendant to pay the note in question. The answer of the defendant, in effect, alleges a want of consideration for both the written and verbal promise. There was evidence from which the court may have found that both promises were made solely upon the mistaken notion that the note had been turned over to Landon to the credit of defendant. If the promises were so made, they were without consideration. The evidence is conflicting. The finding of the court is not so wanting in support from the evidence as to justify the conclusion that it did not result from a fair, honest and impartial consideration of the testimony, without passion or prejudice. We cannot, therefore, disturb the judgment.

AFFIRMED.